CONSOLIDATED TRIMMING CORP. *vs.* DAVID ANGELO *et al.*

JULY 12, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit. The case is here on the defendants' exceptions to the rulings and decision of a justice of the superior court, before whom it was tried without a jury.

The declaration is in two counts: The first count alleges that "in the early part of 1942, the plaintiff ordered from the defendants, which order was accepted by the defendants . . . 5695 gross of carpet binding, which carpet binding the defendants hereby agreed to manufacture, sell, and deliver to the plaintiff at a price specified in said order. And yet the defendants notwithstanding their agreement as aforesaid, have failed to deliver . . . 4840 gross of said carpet binding." The second count consists of the common counts.

Plaintiff presented evidence in proof of each count. On the first count the trial justice decided that defendants had contracted to deliver 5695 gross of carpet binding and that they had defaulted in the delivery of 4681 gross, to the damage of the plaintiff in the sum of $2408.09. On the second

count he found that the defendants were indebted in the amount of $1068.28 to the plaintiff for cotton yarn which was delivered to and received by the defendants in accordance with the contract and not returned by them after their breach of the contract.

In thus deciding, the trial justice, in effect, decided against the defendants on their plea of the general issue and also on their special plea that, if there was a contract between them and the plaintiff for them to manufacture and deliver such amount of carpet binding, plaintiff had forfeited its right to such delivery by failing to furnish defendants with sufficient yarn of satisfactory quality for the manufacture of the carpet binding, according to the specifications of the contract. Defendants contended, under their exception to the decision of the trial justice, that he erred in finding that there was a contract, as alleged by the plaintiff. They also contended that he was clearly wrong in finding that plaintiff had performed its obligation to supply them with a sufficient quantity of satisfactory yarn. They contended further, under two other exceptions, that he erred in excluding certain evidence pertaining to the terms of the contract and also in excluding certain other evidence as to the proper measure of damages by which to determine the true loss or damage sustained by the plaintiff by reason of their breach of the contract.

Under their first contention defendants argue substantially that the evidence fails to show a contract to manufacture and deliver to the plaintiff any specific amount of carpet binding at any specified time. It shows, they urge, merely an offer on their part to manufacture and deliver as much binding as they could. We have carefully examined the evidence and we are of the opinion that it goes further than defendants contend. We concede that it might conceivably submit reasonably to a somewhat less exact and positive contractual obligation than that found by the trial justice, if certain inferences were drawn from the letters and conduct of the plaintiff favorably to the defendants;

but the difficulty here is that the trial justice has not drawn such inferences and has resolved the conflicting evidence in favor of the plaintiff. Since we cannot say that his finding was clearly wrong, we are not warranted in disturbing it. Defendants' contention on this point, therefore, fails.

Their next contention, under the same exception, that the contract, if one was proved, was conditional upon plaintiff supplying them with sufficient satisfactory yarn, we need not consider, since the trial justice, in his decision, has assumed that this was so and has found that the defendants failed to prove by a fair preponderance of the evidence that the yarn which plaintiff shipped to them was defective or otherwise unfit to meet the requirements of plaintiff's orders for carpet binding in accordance with the contract. As to this finding, we cannot say that the trial justice was clearly wrong, especially in view of the lack of any evidence showing or tending to show any definite and unequivocal rejection by the defendants of yarn which they claimed to be defective and their termination of the contract for such reason. Indeed, the reason which they advanced in their letter of June 15, 1942 to plaintiff for such termination was that they found they could not manufacture the carpet binding at a profit under the price terms of the contract.

Defendants have not pressed very strongly before us their further contention, under the above exception, that they had returned to the plaintiff all the yarn which it had shipped to them and which they had not used in manufacturing carpet binding for the plaintiff. Nevertheless, we have examined the evidence on this issue and we are of the opinion that the trial justice's finding, that plaintiff had proved by a fair preponderance of the credible evidence that defendants were indebted to it for yarn which it had shipped to defendants and which was received by them to the value of $1068.28, was fully warranted by the evidence. All of the defendants' contentions in support of their exception to the trial justice's decision having been

thus found by us to be without merit, such exception is overruled.

The remaining contentions of the defendants, which they urge in support of their exceptins to the rulings of the trial justice excluding certain evidence, we have also found to be without merit. Under the first of such rulings, evidence of plaintiff's previous dealings with one of the defendants, while he was a member of another firm which manufactured carpet binding for the plaintiff, was excluded. Such evidence was clearly inadmissible. It related to another independent contractual relation with a party not connected in any way with defendants. Hence, it was irrelevant to the issues on trial in the case at bar. Defendants' exception to such ruling is therefore overruled.

By the other ruling the trial justice excluded evidence of the market price of yarn at the time of defendants' breach of the contract. Defendants contended that such evidence was material in determining the true measure of damages sustained by the plaintiff, under the first count, in going into the open market, after the breach, to have its orders for carpet binding filled. They argued thus: "The real test of damages would be governed by the market price of yarn at the time of the breach, subtracted from the market price of tape, compared with the price of yarn charged by Consolidated Trimming, subtracted from the price of tape charged by Angelo." Such a rule is clearly incorrect. Regardless of the difference, if any, between the price of yarn charged defendants by their special arrangement with the plaintiff and the market price of yarn at the time of their breach of the contract, the true measure of the plaintiff's damage, under the first count, was simply the difference between the market price of the tape, that is, carpet binding, at the time of the breach and the price of $2.14 a gross under the contract with defendants.

Plaintiff, in determining its damages under that count, was under no further obligation than to prove what it would have cost the plaintiff, at the prevailing price in the

open market at the time of the breach, to buy the amount of such tape covered by the contract but not delivered. What the price of yarn was at the time of defendants' breach of the contract was clearly irrelevant and immaterial under that count. Defendants' exception to the trial justice's ruling is accordingly overruled.

All of defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for plaintiff.

*William R. Goldberg,* for defendants.